UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KATHLEEN ZAROFSKY-YOUKER,

                Plaintiff,

v.                                              6:15-CV-0170
                                            (GTS/WBC)
CAROLYN W. COLVIN
Commissioner of Social Security,

                Defendant.
_____

APPEARANCES:                                OF COUNSEL:

OFFICE OF PETER W. ANTONOWICZ     PETER W. ANTONOWICZ, ESQ.
  Counsel for Plaintiff
148 West Dominick Street
Rome, NY 13440

U.S. SOCIAL SECURITY ADMIN.            REBECCA H. ESTELLE, ESQ.
OFFICE OF REG'L GEN. COUNSEL
– REGION II
  Counsel for Defendant
26 Federal Plaza, Room 3904
New York, NY 10278

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

      Currently before the Court, in this Social Security action filed by Kathleen Zarofsky-Youker ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are (1) the Report and Recommendation of United States Magistrate Judge William B. Mitchell Carter recommending that Plaintiff's motion for judgment on the pleadings be denied, and that Defendant's motion for judgment on the pleadings be granted, and (2) Plaintiff's objections to the Report and

Recommendation. (Dkt. Nos. 18, 19.) For the reasons set forth below, the Report and Recommendation is accepted and adopted in its entirety.

## I. PLAINTIFF'S OBJECTIONS

Generally, Plaintiff makes two arguments in objection to Magistrate Judge Carter's Report and Recommendation. (Dkt. No. 19, at 1-9.)

First, Plaintiff argues that Magistrate Judge Carter made unwarranted assumptions in addressing the weight accorded to the medical opinion evidence. (*Id.* at 1-6.) Within this argument, Plaintiff argues that (1) the ALJ erred in affording significant weight to the opinion of a single decision maker, (2) Magistrate Judge Carter incorrectly stated that the ALJ afforded significant weight, rather than some weight, to the opinion of consultative examiner, Pamela Tabb, M.D., (3) the ALJ did not specifically address the amount of weight afforded to the opinion of consultative psychologist, Dennis Noia, Ph.D., (4) the ALJ should have afforded greater weight to the opinion of treating rheumatologist, Martin Morrell, M.D., and (5) the ALJ erred in relying on the opinions of Dr. Tabb and Dr. Noia. (*Id.*)

Second, Plaintiff argues that Magistrate Judge Carter misconstrued Plaintiff's argument regarding the hiring of consultative examiners. (*Id.* at 6-9.) Plaintiff argues that it was unnecessary for the ALJ to obtain purchased examinations from consultative examiners, rather than treating sources, and therefore Dr. Tabb's report should have been excluded from the evidentiary file since it was improperly and unnecessarily obtained. (*Id.*)

## II. APPLICABLE LEGAL STANDARD

A district court reviewing a magistrate judge's Report and Recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

2

magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate judge's Report and Recommendation, but they must be "specific written objections," and must be submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *accord,* 28 U.S.C. § 636(b)(1)(C). "A judge of the court shall make a de novo determination of those portions of the [Report and Recommendation] . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C); *accord,* Fed. R. Civ. P. 72(b)(2). "Where, however, an objecting party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Caldwell v. Crosset*, 9-CV-0576, 2010 WL 2346330, at * 1 (N.D.N.Y. June 9, 2010) (quoting *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 [N.D.N.Y. 2008]) (internal quotation marks omitted).

## III. ANALYSIS

The Court finds that Plaintiff's objections largely reiterate arguments presented in her initial brief. (*Compare* Dkt. No. 19 *with* Dkt. No. 14.) To the extent that Plaintiff raises specific objections to Magistrate Judge Carter's Report and Recommendation, the Court reviews these portions of the Report and Recommendation *de novo*. Regarding Plaintiff's argument that Magistrate Judge Carter incorrectly stated that the ALJ afforded significant weight to Dr. Tabb's opinion, Plaintiff's point is well taken. (Dkt. No. 19, at 2 [Pl.'s Mem. of Law]) (referencing Dkt. No. 18, at 8). However, in discussing Dr. Tabb's opinion later in the Report and Recommendation, Magistrate Judge Carter correctly stated that the ALJ afforded some weight to the opinion and properly analyzed the ALJ's weight assignment. (Dkt. No. 18, at 9-10.) Accordingly, the misstatement of the weight afforded to Dr. Tabb's opinion in a brief reference to the opinion earlier in the Report and Recommendation (where the Magistrate Judge correctly noted that the ALJ afforded significant weight to Dr. Noia's opinion) does not require remand

under the circumstances. The Court agrees with Magistrate Judge Carter that the ALJ did not err in his assessment of Dr. Tabb's opinion, and reliance on the same.

The Court finds that the balance of Plaintiff's objections merely reiterate arguments presented in her initial brief. (*Compare* Dkt. No. 19 *with* Dkt. No. 14.) Therefore the Court reviews the portions of Magistrate Judge Carter's Report and Recommendation addressed in the balance of Plaintiff's objections for clear error only. After carefully reviewing the relevant filings in this action, the Court can find no clear error in the Report and Recommendation. Magistrate Judge Carter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (Dkt. No. 18.)

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Carter's Report and Recommendation (Dkt. No. 18) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Commissioner's determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED.**

Dated: July 8, 2016
       Syracuse, New York

                                                  Hon. Glenn T. Suddaby
                                                  Chief U.S. District Judge